# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF IOWA
# CEDAR RAPIDS DIVISION

| | |
|---|---|
| VINCENT F. RIVERA, | |
| Plaintiff, | No. C06-0131-MWB |
| vs. | |
| THOMAS VILSACK, CHESTER CULVER, DAVID VAUDT, CHARLES GRASSLEY, TOM HARKIN. | **INITIAL REVIEW ORDER** |
| Defendants. | |

This matter is before the court on the plaintiff's application to proceed in forma pauperis. The plaintiff submitted his application to proceed in forma pauperis on September 19, 2006. Along with his application to proceed in forma pauperis, the plaintiff submitted a complaint pursuant to 42 U.S.C. § 1983.

In 1996, Congress enacted the Prisoner Litigation Reform Act to deter frivolous prisoner litigation. *Lyon v. Vande Krol*, 127 F.3d 763, 764 (8th Cir. 1997). The Prisoner Litigation Reform Act requires all prisoners to pay the filing fee for civil cases and differentiates among prisoners on method of payment. *See* 28 U.S.C. § 1914(a) (requiring filing fee); 28 U.S.C. § 1915 (explaining proceedings in forma pauperis). Prisoners who have not had three prior cases dismissed under 28 U.S.C. § 1915(e)(2) or 28 U.S.C. § 1915A(b) need only pay a percentage of the fee at the outset and the remainder over time. 28 U.S.C. § 1915(b)(1)-(4). Such litigants will not be barred from pursuing a claim by inability to make the initial required partial payment. *Id*. In contrast, 28 U.S.C. § 1915(g), commonly referred to as the "three strikes" provision, states:

> In no event shall a prisoner bring a civil action or appeal a judgment in a civil action or proceeding under this section if

>the prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted, unless the prisoner is under imminent danger of serious physical injury.

"The statute's bar does not preclude the inmate from filing additional actions but does deny him the advantages of proceeding in forma pauperis." *Martin v. Shelton*, 319 F.3d 1048, 1050 (8th Cir. 2003).

Prior to filing the instant action, the plaintiff filed at least three frivolous actions or appeals. *See Rivera v. Allin*, 144 F.3d 719, 732 (11th Cir. 1998) (concluding district court did not err when it utilized 28 U.S.C. § 1915(g) to deny the prisoner's application to proceed in forma pauperis); *see also Rivera v. Fla. Dep't of Corr.*, 526 U.S. 135, 119 S. Ct. 1166, 143 L. Ed. 2d 235 (1999) (denying petitioner's request to proceed in forma pauperis and barring prospective noncriminal case filings because petitioner abused the writ process by submitting frivolous filings); *Rivera v. Gonzalez*, 145 Fed. Appx. 434 (4th Cir. 2005) (affirming district court's decision to dismiss complaint under 28 U.S.C. § 1915A(b)); *Rivera v. Cheney*, 2005 U.S. App. LEXIS 3377 (D.C. Cir. 2005) (revoking appellant's in forma pauperis status pursuant to 28 U.S.C. § 1915(g)); *Rivera v. Governor of N.Y.*, 92 Fed. Appx. 25 (2d Cir. 2004) (affirming district court's decision to dismiss complaint under 28 U.S.C. § 1915(e)).[1] In addition, it is clear from the plaintiff's complaint that he is not under imminent danger of serious physical injury. Accordingly, the plaintiff's application to proceed in forma pauperis shall be denied, and this action shall

---

[1] It appears that the plaintiff is attempting to file cases in district courts across the country. *See e.g., Rivera v. Lingle*, 2006 U.S. Dist. LEXIS 59298 (D. Haw. 2006); *Rivera v. Henry*, 2006 U.S. Dist. LEXIS 44627 (W.D. Okla. 2006); *Rivera v. Riley*, 2006 U.S. Dist. LEXIS 35105 (M.D. Ala. 2006); *Rivera v. Riley*, 2006 U.S. Dist. LEXIS 28715 (M.D. Ala. 2006).

be dismissed without prejudice. The Clerk of Court shall file the complaint for the purpose of making a record.[2]

**IT IS THEREFORE ORDERED**:

1) The plaintiff's application to proceed in forma pauperis is denied.

2) The plaintiff's case is dismissed without prejudice.

3) The Clerk of Court is directed to file the complaint for the purpose of making a record.

**IT IS SO ORDERED.**

**DATED** this 26th day of September, 2006.

*[signature: Mark W. Bennett]*

MARK W. BENNETT
CHIEF JUDGE, U. S. DISTRICT COURT
NORTHERN DISTRICT OF IOWA

A copy of this document has been mailed/faxed to all counsel of record, pro se parties and others listed and not shown as having been served electronically under the cm/ecf system:

by:  /s/  des    9/26/06

---

[2] The court notes that a cursory review of the plaintiff's amended complaint reveals that venue may not be appropriate in the Northern District of Iowa. In addition, his action appears to be frivolous or malicious or fails to state a claim a claim upon which relief can be granted. *See* 28 U.S.C. § 1915A.